JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>Media Mix 365, LLC, a California limited liability company, also d/b/a Solar Research Group, and Solar Nation,<br><br>Nicholas J. Long, individually and as an owner and officer of Media Mix 365, LLC, and<br><br>Nicole J. Long, a/k/a/ Nicole Leonard, a/k/a Nicole Leonard-Long, individually and as an owner of Media Mix 365, LLC,<br><br>Defendants. | Case No. SACV 19-1243-GW-JEMx<br><br>STIPULATED ORDER FOR PERMANENT INJUNCTION AND CIVIL PENALTY JUDGMENT |

Plaintiff, the United States of America, acting upon notification and authorization to the Attorney General by the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Permanent Injunction, Civil Penalties and Other Equitable Relief ("Complaint"), for a permanent injunction, civil penalties, and other relief in this matter, pursuant to Sections 13(b), 19, and 16(a)(1) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b), 57b, and 56(a)(1). Defendants have waived service of the summons and the Complaint. Plaintiff and Defendants stipulate to the entry of this Stipulated Order for Permanent Injunction and Civil Penalty Judgment ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

## FINDINGS

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Defendants participated in acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, and the FTC's Telemarketing Sales Rule (the "TSR"), as amended, 16 C.F.R. Part 310, in the Telemarketing of their clients' products and services by, among other thing: (a) initiating and causing the initiation of Telemarketing calls to consumers whose telephone numbers were on the National Do Not Call ("DNC") Registry, and by (b) causing phone numbers to ring, or engaging Persons in telephone conversations, repeatedly or continuously with the intent to annoy, abuse, or harass any Person at the called number.

3. Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

4. Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5. Defendants and Plaintiff waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

    A. **"Assisting Others"** includes, among other conduct, receiving an inbound call that was generated through an Outbound Telephone Call.

    B. **"Defendants"** means all of the Individual Defendants and the Corporate Defendant, individually, collectively, or in any combination.

    C. **"Corporate Defendant"** means Media Mix 365, LLC, also doing business as Solar Research Group and as Solar Nation, and its successors and assigns.

    D. **"Individual Defendants"** means Nicholas J. Long and Nicole J. Long, a/k/a Nicole Leonard, a/k/a Nicole Leonard-Long.

    E. **"Established Business Relationship"** means a relationship between a Seller and a consumer based on:

        1) The consumer's purchase, rental, or lease of the Seller's goods or services or a financial transaction between the consumer and Seller, within the eighteen (18) months immediately preceding the date of a Telemarketing call; or

        2) The consumer's inquiry or application regarding a product or service offered by the Seller, within the three (3) months immediately preceding the date of the Telemarketing call.

    F. **"Express Written Agreement"** means a written agreement that clearly evidences a Person's authorization that calls made by or on behalf of a specific party may be placed to that Person, and shall include the telephone number to which the calls may be placed and the signature of that Person.

G.  "**Outbound Telephone Call**" means a telephone call initiated by a Telemarketer to induce the purchase of goods or services or to solicit a charitable contribution.

H.  "**Person**" means any individual, group, unincorporated association, limited or general partnership, corporation, or other business entity.

I.  "**Seller**" means any Person who, in connection with a Telemarketing transaction, provides, offers to provide, or arranges for others to provide goods or services to the customer in exchange for consideration, whether or not such Person is under the jurisdiction of the Commission.

J.  "**Telemarketer**" means any Person who, in connection with Telemarketing, initiates or receives telephone calls to or from a customer or donor.

K.  "**Telemarketing**" means any plan, program, or campaign which is conducted to induce the purchase of goods or services or a charitable contribution, by use of one or more telephones, and which involves more than one interstate telephone call.

## ORDER

### I.

### Permanent Ban on Calls to Numbers
### Listed on the National Do Not Call Registry by Individual Defendants

IT IS ORDERED that Individual Defendants Nicholas J. Long and Nicole J. Long, whether acting directly or through an intermediary, are permanently restrained and enjoined from:

A.  Initiating, causing others to initiate, or Assisting Others in initiating any Outbound Telephone Call to any telephone number listed on the National Do Not Call Registry; or

B.  Owning or controlling, holding a managerial post, consulting for, serving as an officer in, having any revenue sharing agreement with, holding any

ownership interest, share, or stock in any company, other than a publicly traded company, that engages in conduct banned by subsection I.A;

## II.

## Permanent Ban on Robocalls by Individual Defendants

IT IS ORDERED that Individual Defendants Nicholas J. Long and Nicole J. Long, whether acting directly or through an intermediary, are permanently restrained and enjoined from:

    A.    Initiating, causing others to initiate, or Assisting Others in initiating any Outbound Telephone Call that delivers a prerecorded message; or

    B.    Owning or controlling, holding a managerial post, consulting for, serving as an officer in, having any revenue sharing agreement with, holding any ownership interest, share, or stock in any company, other than a publicly traded company, that engages in conduct banned by subsection II.A.

## III.

## Prohibition on Abusive Telemarketing by All Defendants

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, and employees, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with Telemarketing, are permanently restrained and enjoined from engaging in, causing others to engage in, or Assisting Others engaging in, any of the following practices:

    A.    Causing any telephone to ring, or engaging any Person in telephone conversation, repeatedly or continuously with intent to annoy, abuse, or harass any Person at the called number.

    B.    Initiating any Outbound Telephone Call to a Person when that Person has previously stated that he or she does not wish to receive an Outbound Telephone Call made by or on behalf of either the Seller whose goods or services are being

offered, or made by or on behalf of the charitable organization for which a charitable contribution is being solicited.

C. Violating the Telemarketing Sales Rule, 16 C.F.R. Part 310, a copy of which is attached to this Order as Attachment A.

**IV.**

**Prohibition on Abusive Telemarketing by Corporate Defendant**

IT IS FURTHER ORDERED that Corporate Defendant Media Mix 365, LLC, also doing business as Solar Research Group and Solar Nation, its officers, agents, and employees, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with Telemarketing, are permanently restrained and enjoined from engaging in, causing others to engage in, or Assisting Others engaging in, any of the following practices:

A. Initiating any Outbound Telephone Call to any telephone number listed for more than 31 days on the National Do Not Call Registry unless the Corporate Defendant can demonstrate that the call was placed on behalf of a Seller to a Person from whom the Seller had:

    1. Obtained the Express Written Agreement to place calls to that Person; or

    2. An Established Business Relationship with such Person; and that Person has not stated that he or she does not wish to receive Outbound Telephone Calls made by or on behalf of the Seller.

B. Initiating, causing others to initiate, or Assisting Others with initiating any Outbound Telephone Call that delivers a prerecorded message, other than a message permitted for compliance with the call abandonment safe harbor in 16 C.F.R. § 310.4(b)(4)(iii); or unless the Seller has obtained from the recipient of the call an express agreement, in writing, that authorizes prerecorded calls made by or

on behalf of the Seller to such Person, and has complied with all other requirements of 16 C.F.R. § 310.4(b)(1)(v).

C. Abandoning any Outbound Telephone Call to a Person by failing to connect the call to a live operator within two seconds of the Person's completed greeting, unless Defendants prove that the following four conditions are met:

1. The Seller or Telemarketer employs technology that ensures abandonment of no more than three percent of all calls answered by a Person, measured over the duration of a single calling campaign, if less than thirty days, or separately over each successive 30-day period or portion thereof that the campaign continues;
2. The Seller or Telemarketer, for each Telemarketing call placed, allows the telephone to ring for at least fifteen seconds or four rings before disconnecting an unanswered call;
3. Whenever a live operator is not available to speak with the Person answering the call within two seconds after the Person's completed greeting, the Seller or Telemarketer promptly plays a recorded message that states the name and telephone number of the Seller on whose behalf the call was placed; and
4. The caller, in accordance with 16 C.F.R. § 310.5(b)-(d), retains records establishing compliance with 16 C.F.R. §310.4(b)(4)(i)-(iii).

D. Initiating any Outbound Telephone Call to a telephone number within a given area code unless the Seller, either directly or through another Person, first has paid the annual fee, required by 16 C.F.R. § 310.8(c), for access to the telephone numbers within that area code that are included in the National Do Not Call Registry; provided, however, that such payment is not necessary if the Seller initiates or causes a Telemarketer to initiate calls solely to Persons pursuant to an

Express Written Agreement or an Established Business Relationship, and the Seller does not access the National Do Not Call Registry for any other purpose.

## V.

## MONETARY JUDGMENT FOR CIVIL PENALTY

IT IS FURTHER ORDERED that:

A.    Judgment in the amount of Seven Million Six Hundred Thousand Dollars ($7,600,000.00) is entered in favor of Plaintiff against Defendants, jointly and severally, as a civil penalty.

B.    Defendants are ordered to pay to to Plaintiff, by making payment to the Treasurer of the United States, Two Hundred Sixty-Four Thousand Dollars ($264,000.00) as follows:

    1.    Within seven (7) days of entry of this Order, Defendants are ordered to pay to Plaintiff $88,000.00;

    2.    Within ninety (90) days of entry of this Order, Defendants are ordered to pay to Plaintiff $88,000.00; and

    3.    Within one hundred twenty (120) days of entry of this Order, Defendants are ordered to pay to Plaintiff $88,000.00.

Such payment must be made by electronic fund transfer in accordance with instructions previously provided by a representative of Plaintiff. Upon such payment, the remainder of the judgment is suspended, subject to the Subsections below.

C.    Plaintiff's agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Defendants' sworn financial statements and related documents (collectively, "financial representations") submitted to the Commission, namely:

    1.    The Financial Statement of Individual Defendant Nicholas J. Long signed on April 4, 2019, and attachments, including the

Addendum, Addendums 2.1 and 3.1, and documents Bates numbered Nicholas Long-Individual 00001-00887;

2. The Financial Statement of Individual Defendant Nicole J. Long, signed on April 5, 2019, and attachments, including Addendums 3.0 and 3.1, and documents Bates numbered Nicole Long – Individual 00001-00492

3. The Financial Statement of Corporate Defendant Media Mix 365, LLC signed by Nicholas J. Long, CEO, on April 2, 2019, and the attachments, including documents Bates numbered MediaMix365-Corporate Statement-00001-00141.

D. The suspension of the judgment will be lifted as to any Defendant if, upon motion by the Commission or Plaintiff, the Court finds that the Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

E. If the suspension of the judgment is lifted, the judgment becomes immediately due as to that Defendant in the amount specified in Subsection A above (which the parties stipulate only for purposes of this Section represents the amount of the civil penalty for the violations alleged in the Complaint), less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

F. Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

G. The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order.

H. Defendants agree that the judgment represents a civil penalty owed to the government of the United States, is not compensation for actual pecuniary loss, and, therefore, as to the Individual Defendants, it is not subject to discharge under the Bankruptcy Code pursuant to 11 U.S.C. § 523(a)(7).

I. Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Defendants previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

## VI.

## CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, and employees, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from directly or indirectly:

A. Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Order in connection with Telemarketing; and

B. Failing to destroy such customer information in all forms in their possession, custody, or control within 30 days after entry of this Order.

Provided, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

///
///

## VII.
## COOPERATION

IT IS FURTHER ORDERED that Defendants must fully cooperate with representatives of the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint. Defendants must provide truthful and complete information, evidence, and testimony. Individual Defendants must appear and Corporate Defendant must cause its officers, employees, representatives, or agents to appear for interviews, discovery, hearings, trials, and any other proceedings that a Commission representative may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as a Commission representative may designate, without the service of a subpoena. Further, to assist the Commission with any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint, and with monitoring Defendants' compliance with this Order, Defendants consent, for purposes of the Electronic Communications Privacy Act, to the disclosure, by electronic communications service providers and remote computing service providers, of the contents and records of their auto-dialed, Telemarketing, or pre-recorded telephone communications. Defendants further agree to execute, within five days of a request from the Commission, any forms or other documents evidencing their consent that may be required by such electronic communications service providers or remote computing service providers.

## VIII.
## ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendants obtain acknowledgments of receipt of this Order:

A. Each Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For 5 years after entry of this Order, each Individual Defendant for any business that such Defendant, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, and the Corporate Defendant, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for Telemarketing and all agents and representatives who participate in Telemarketing; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## IX.
## COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendants make timely submissions to the Commission:

A. Sixty days after entry of this Order, the Corporate Defendant must provide a copy of all websites, emails, text messages, or other communications used by itself or any third party since entry of this Order to obtain Express Written Agreements for calls made by or on behalf of the Corporate Defendant.

B. One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury:

    1. Each Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission and Plaintiff may use to communicate with Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers,

and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Individual Defendants must describe if they know or should know due to their own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

2. Additionally, each Individual Defendant must: (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest; and (c) describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

3. The Corporate Defendant must also provide a copy of all websites, emails, text messages, or other communications used used by itself or any third party since the reporting required in Subsection IX.A, above, to obtain Express Written Agreements for calls made by or on behalf of the Corporate Defendant.

C. For 20 years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1. Each Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any Corporate Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2. Additionally, each Individual Defendant must report any change in: (a) name, including aliases or fictitious names, or residence address; or (b) title or role in any business activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

D. Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

E. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

F. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:

Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: U.S. v. Media Mix 365, LLC, Matter No. 1823070.

## X.
## RECORDKEEPING

IT IS FURTHER ORDERED that Defendants must create certain records for 20 years after entry of the Order, and retain each such record for 5 years. Specifically, Corporate Defendant, in connection with Telemarketing, and each Individual Defendant for any business that such Defendant, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

    A.    Accounting records showing the revenues from all goods or services sold;

    B.    Personnel records showing, for each Person providing services, whether as an employee or otherwise, that Person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

    C.    Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

    D.    Records of all Outbound Telephone Calls dialed by Defendants or on behalf of Defendants or their businesses by their vendors, contractors, or telecommunications providers, including for each call: (a) the number called; (b) the caller ID number displayed; (c) the time and date of the call; (d) the duration of the call; and (e) any telephone number or IP address to which the call was forwarded or transferred;

    E.    Copies of any Express Written Agreements obtained by the Corporate Defendant, whether directly or indirectly, that correspond to all Outbound Telephone Calls made by or on behalf of the Corporate Defendant to telephone numbers listed on the National Do Not Call Registry;

F. Copies of any websites, emails, text messages, or other communications used by itself or any third-party since entry of this Order to obtain Express Written Agreements for calls made by or on behalf of the Corporate Defendant; and

G. All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission.

## XI.

## COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendants' compliance with this Order, including the financial representations upon which part of the judgment was suspended and any failure to transfer any assets as required by this Order:

A. Within 14 days of receipt of a written request from a representative of the Commission or Plaintiff, each Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B. For matters concerning this Order, the Commission or Plaintiff is authorized to communicate directly with each Defendant. Defendant must permit representatives of the Commission or Plaintiff to interview any employee or other Person affiliated with any Defendant who has agreed to such an interview. The Person interviewed may have counsel present.

C. The Commission or Plaintiff may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the

Commission's or Plaintiff's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D. Upon written request from a representative of the Commission or Plaintiff, any consumer reporting agency must furnish consumer reports concerning Individual Defendants pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## XII.
## RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED.**

Dated: June 27, 2019

_____
HON. GEORGE H. WU,
U.S. District Judge